# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LYNIECE M. FULLER,
    Appellant,

    v.

DEPARTMENT OF VETERANS
 AFFAIRS,
    Agency.

DOCKET NUMBER
PH-0432-12-0006-C-5

DATE: August 9, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lyniece M. Fuller</u>, Erie, Pennsylvania, pro se.

<u>Marcus S. Graham</u>, Esquire, Pittsburgh, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the August 10, 2016 compliance initial decision, which denied her petition for enforcement of the Board's 2012 final decision that ordered the agency to cancel her removal and to pay her back pay, interest, and other benefits. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. For the reasons discussed below, we AFFIRM the administrative judge's finding that the agency complied with the Board's 2012 final decision regarding the relocation incentive. We MODIFY the compliance initial decision and VACATE the administrative judge's findings regarding the appellant's retaliation claims. Except as expressly modified in this Final Order, the compliance initial decision is the Board's final decision.

## BACKGROUND

¶2        In September 2011, the appellant filed a Board appeal challenging her removal from her Contract Specialist position. *Fuller v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-12-0006-I-1, Initial Decision (ID) at 1-2 (Aug. 21, 2012). On August 21, 2012, an administrative judge issued an initial decision ordering the agency to reverse the removal action and to retroactively restore the appellant to her prior position, effective September 8, 2011, with back pay, interest, and benefits. ID at 1, 28-29. The initial decision became the Board's final decision on September 25, 2012, when neither party filed a petition for review. ID at 30.

¶3     The appellant has since filed multiple petitions for enforcement. In March 2014, the administrative judge dismissed as settled a petition for enforcement alleging that the agency retaliated against her for filing a prior Board appeal. *Fuller v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-12-0006-C-4, Initial Decision at 1-2 (Mar. 18, 2014). In August 2014, the Board, in addressing a different petition for enforcement, found that the agency was in compliance regarding the payment of back pay, interest, and benefits. *Fuller v. Department of Veterans Affairs*, MSPB Docket Nos. PH-0432-12-0006-C-3, PH-0432-12-0006-X-1, Final Order (C-3 Final Order), ¶¶ 1-4, 14-15 (Aug. 19, 2014).

¶4     The appellant filed the instant petition for enforcement on April 12, 2016, more than 3½ years after the Board's 2012 final decision in the merits appeal, and approximately 20 months after the Board found the agency in compliance in the C-3 matter. *Fuller v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-12-0006-C-5, Compliance File (CF), Tab 1. In this petition for enforcement, the appellant claimed that the agency failed to pay her a $330.72 relocation incentive. *Id.* at 7. In addition, she alleged that, from 2013 to 2016, the agency took numerous other actions against her in retaliation for appealing her removal to the Board and other protected activity. *Id.* at 7-13. The appellant submitted approximately 300 pages of emails and other documentation to support her allegations of retaliation. *Id.* at 15-327.

¶5     In response to the appellant's petition for enforcement, the agency noted that the Board already had found the agency in full compliance in August 2014, and that the appellant was now raising new allegations of noncompliance more than 18 months later. CF, Tab 4 at 4. The agency further argued that only one of the supervisors whom the appellant accused of retaliation had knowledge of her prior Board appeal and that no reasonable person could conclude that there was a nexus between the alleged retaliation and the agency's actions. *Id.* at 4-5. In addition, the agency submitted declarations of five of the appellant's current and

previous supervisors. *Id.* at 20-23, 37-40. The appellant replied and submitted additional documentation. CF, Tab 8.

¶6 Based on the written record, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 9, Compliance Initial Decision (CID) at 1, 12. Specifically, he found that the agency satisfied its obligations to pay the appellant all of the back pay and benefits as required in the Board's 2012 final decision. CID at 8-9. He further found that the appellant failed to establish her claim that the agency retaliated against her for filing a Board appeal. CID at 8-12.

¶7 The appellant has filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 1. The agency has filed a response, CPFR File, Tab 3, to which the appellant has replied, CPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

We affirm the administrative judge's finding that the agency is in compliance with the Board's 2012 final order regarding the payment of a relocation incentive.

¶8 When the Board finds that an appellant has been subjected to an unwarranted personnel action, it orders that she be placed, as nearly as possible, in the situation she would have been in had the personnel action not occurred, i.e., status quo ante. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984); *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The agency bears the burden of proving compliance with the Board's order by a preponderance of the evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). The agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5; *Walker v. Department of the Army*, 90 M.S.P.R. 136, ¶ 13 (2001). The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Vaughan*, 116 M.S.P.R. 319, ¶ 5.

¶9    As mentioned above, the appellant alleged that the agency failed to pay her a $330.72 relocation incentive that it had deducted.  CF, Tab 1 at 7.  The administrative judge noted that the Board previously found in an August 2014 final order that the agency was in compliance regarding back pay issues, including the relocation expenses that the appellant was owed.  CID at 8; *see* C-3 Final Order, ¶¶ 1-4, 8, 14-15.  The administrative judge found in this matter that the appellant failed to articulate whether the agency deducted the relocation incentive after the Board issued its 2014 final order in the earlier compliance matter, which would be a new issue, and she failed to submit any evidence to support her assertion that such a deduction was taken.  CID at 8.  Thus, the administrative judge concluded that the agency had satisfied its obligation to pay the appellant back pay and benefits.  CID at 8-9.

¶10    The appellant has failed to clarify on review whether the alleged deduction occurred after the Board issued its 2014 final order finding compliance.  CPFR File, Tab 1 at 6, 9.  Although she argues that she submitted supporting evidence below, *id.* at 9, none of her documentation supports her assertion that the agency deducted a relocation incentive following the Board's 2014 final order.  We find that, because the appellant has failed to make specific, nonconclusory, and supported allegations concerning her claim, she fails to provide a basis to disturb the administrative judge's finding of compliance.  *See Vaughan*, 116 M.S.P.R. 319, ¶ 5.

We modify the initial decision and vacate the administrative judge's analysis of the appellant's retaliation claims because they do not relate to status quo ante relief.

¶11    The appellant also alleged that, following the September 2012 final decision in the removal appeal, the agency retaliated against her from 2013 to 2016 for filing her Board appeal and other protected activity.  CF, Tab 1 at 6-13.  The administrative judge cited to *Kerr*, 726 F.2d at 733, and *Gaydon v. U.S. Postal Service*, 37 M.S.P.R. 276, 278-79 (1988), for the following proposition:    an

employee who is being retaliated against for having filed a Board appeal of an agency action that the Board orders canceled has not been returned to the status quo ante because she is not where she would have been if the agency had not taken the action. CID at 3; *see Williams v. Department of the Navy*, 79 M.S.P.R. 364, 367 (1998). Further, he analyzed the appellant's retaliation claims under the general reprisal standard described in *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988). CID at 3-4; *see Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986) (establishing the general reprisal standard that was described in *Rockwell*), *superseded in part by statute as stated in Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 15 (2015). The administrative judge concluded that the appellant failed to establish retaliation under this standard because, among other things, there was no nexus between the alleged retaliatory actions and her Board appeal. CID at 8-12.

¶12 Based on our review of *Kerr*, *Gaydon*, and the appellant's description of her retaliation allegations, we do not believe that it is appropriate to consider these retaliation allegations in this compliance matter. In *Gaydon*, 37 M.S.P.R. at 279, the Board cited to *Kerr* to support the proposition that it has the authority to examine an employee's retaliation claims in a compliance case stemming from a final Board decision. In *Kerr*, 726 F.2d at 733, our reviewing court discussed the Board's broad enforcement authority, which included a "substantive assessment" of whether an employee has been given status quo ante relief. As noted by the administrative judge, the Board in *Gaydon* explained its rationale for considering retaliation claims in the context of a compliance matter, that is, an employee who is being retaliated against for having filed a Board appeal has not been restored to the status quo ante. *Gaydon*, 37 M.S.P.R. at 279. Importantly, *Gaydon* has not been reversed or overruled. We do not read *Gaydon* to authorize the Board to consider any and all retaliation claims raised in a petition for enforcement. Rather, consistent with our reading of *Gaydon* and *Kerr*, in order to address the

appellant's retaliation claims in the context of this compliance matter, those claims must relate to status quo ante relief.

¶13     We now turn to the appellant's retaliation claims. The appellant raised approximately fourteen allegations of whistleblower reprisal, including, among other things, a hostile work environment, an October 1, 2014 reassignment, issues regarding her fiscal year 2015 performance appraisal, a January 26, 2016 Letter of Counseling, a March 9, 2016 Letter of Reprimand, an April 8, 2016 proposed 7-day suspension, and a denial of various opportunities. CF, Tab 1 at 7-13, 247-49, 297, 299-301. Based on our close review of these allegations, we conclude that none of these allegations are related to the Board's 2012 final order of status quo ante relief.[2]  Accordingly, because the appellant's retaliation allegations are not related to status quo ante relief, we do not consider them in the context of this enforcement matter, and we vacate the administrative judge's analysis of these allegations in the compliance initial decision.[3]

---

[2] Under the unique circumstances of this case, we have also considered whether any of the appellant's retaliation allegations related to the Board's 2014 determination in the C-3 matter that the agency complied with the 2012 final decision in the merits appeal regarding back pay issues, and we likewise conclude that these retaliation allegations are not related to those findings. Significantly, the Letter of Counseling, Letter of Reprimand, and proposed suspension were issued more than 3 years after the Board's 2012 final decision in the merits appeal and more than 17 months after the Board's 2014 finding of agency compliance regarding back pay issues. Such a lengthy delay does not support a finding that these allegations are related to status quo ante relief. Moreover, the Board has held that an agency is not precluded from taking legitimate personnel actions after the Board reverses an appealable action as long as a valid reason exists for the later actions. *Conaway v. U.S. Postal Service*, 93 M.S.P.R. 6, ¶ 13 (2002). Because we do not consider these retaliation claims in this compliance matter, we need not decide herein if the agency had valid reasons for taking the later actions.

[3] Because the appellant raised an affirmative defense of whistleblower reprisal in the underlying removal appeal, her claims of retaliation based on her prior Board appeal fall under 5 U.S.C. § 2302(b)(9)(A)(i). ID at 26-28; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 10 (2016). The appellant also identified 5 U.S.C. § 2302(b)(9)(D) to support some of her other retaliation claims. CF, Tab 1 at 8-11, 13. Together, these retaliation claims should be analyzed under 5 U.S.C. § 1221(e), rather than under the general reprisal standard utilized by the administrative judge. CID at 3-4; *see Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 (2016) (finding

¶14    Our decision not to consider the appellant's retaliation claims in this compliance matter does not leave the appellant without a remedy to pursue her claims of whistleblower reprisal. Rather, the appellant may seek corrective action regarding her claims of whistleblower reprisal through an individual right of action (IRA) appeal before the Board.[4] However, before seeking corrective action from the Board through an IRA appeal, the appellant must first seek corrective action from the Office of Special Counsel. 5 U.S.C. § 1214(a)(3); *see Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). We take no position on whether the Board would have jurisdiction over any subsequent IRA appeal involving the retaliation allegations raised by the appellant in this petition for enforcement or whether any of the appellant's retaliation allegations that predated her earlier enforcement appeals are barred by res judicata, collateral estoppel, or another legal principle.

## NOTICE OF APPEAL RIGHTS[5]

The compliance initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the

that the *Warren* standard is inapplicable to claims that allege reprisal for filing a prior Board appeal under 5 U.S.C. § 2302(b)(9)(A)(i)); *Alarid*, 122 M.S.P.R. 600, ¶ 12.

[4] None of the alleged retaliatory actions raised in the appellant's petition for enforcement constitute otherwise appealable actions that are reviewable by the Board outside of an IRA appeal, such as an adverse action appeal under 5 U.S.C. chapter 75. CF, Tab 1 at 7-13; *see* 5 U.S.C. §§ 1214(a)(3), 7512, 7513(d); 5 C.F.R. §§ 1201.3(a), 1209.2(b)(2). However, they may constitute personnel actions upon which an IRA appeal may be based. *See* 5 U.S.C. §§ 1221(a), 2302(a)(2)(A); 5 C.F.R. §§ 1209.2(b)(1), 1209.4(a).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.